UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES HANTON,<br>　　　Petitioner, | :<br>: |
| | : PRISONER |
| v. | : Case No. 3:09-cv-624 (CFD) |
| | : |
| THERESA LANTZ,<br>　　　Respondent. | :<br>: |

**RULING AND ORDER**

Pending before the court is James Hanton's ("Hanton") petition for writ of habeas corpus seeking to challenge a judgment of conviction for robbery in the first degree and burglary in the third degree entered against him in October 1997 in the Connecticut Superior Court for the Judicial District of New Haven. Hanton has also filed a motion for injunctive relief. For the reasons that follow, the petition is dismissed and motion for injunctive relief is denied.

**I.　Petition for Writ of Habeas Corpus [Dkt. No. 1]**

Hanton challenges his 1997 state court conviction and sentence in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The sole claim in the petition relates to Hanton's access to courts with regard to appeals of four civil actions filed in the Connecticut Superior Courts in New Haven and Rockville.

**A.　Background**

On October 17, 1997, in the Connecticut Superior Court for the Judicial District of New Haven, Hanton was sentenced to thirteen and one-half years of imprisonment pursuant to his conviction for robbery in the first degree and larceny in the third degree. Hanton did not appeal the conviction. *See* Pet. Writ Habeas Corpus at 2. In July 1998, Hanton filed a habeas petition in the Connecticut Superior Court for Judicial District of

New Haven challenging his conviction on the ground of ineffective assistance of counsel. *See Hanton v. Warden*, No. CV980414855, 2002 WL 172740 (Conn. Super. Ct. Jan. 10, 2002). The court dismissed the petition on January 10, 2002. *See id.* On December 31, 2002, the Connecticut Appellate Court affirmed the dismissal of the petition. *See Hanton v. Commissioner of Correction*, 74 Conn. App. 904, 814 A.2d 439 (2002). Hanton then filed this petition pursuant to 28 U.S.C. §2241.

B. <u>Discussion</u>

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). Today, this authority is codified at 28 U.S.C. § 2241(c)(3). The Second Circuit has consistently held that a petition for writ of habeas brought pursuant to 28 U.S.C. § 2241 applies to the "execution" of a federal inmate's sentence, "'including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) and citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir.2001); *Roba v. United States*, 604 F.2d 215, 219 (2d Cir.1979); *Kahane v. Carlson*, 527 F.2d 492, 498-500 (2d Cir.1975) (Friendly, J., concurring)).

Hanton is not a federal prisoner and does not assert that he has been convicted or sentenced in federal court. Rather, he is a state prisoner who claims to challenge the

2

1997 conviction and the sentence imposed on him by a judge in the Connecticut Superior Court. The sole ground in the petition, however, does not relate to that conviction or sentence. Hanton asserts that the Connecticut Appellate Court denied him access to the courts by refusing to permit him to file handwritten motions and briefs in the appeals of four civil actions dismissed by Connecticut Superior Courts in New Haven and Rockville. He contends that the Appellate Court dismissed all four appeals because he failed to file typewritten briefs, motions and memoranda in violation of his First Amendment right of access to the courts. Hanton does not allege that he appealed the dismissals to the Connecticut Supreme Court. Thus, it appears that Hanton seeks to have this court review and vacate the judgments of dismissal of the Connecticut Appellate Court.

Hanton does not challenge federal prison conditions or detention issues or the administration of parole, sentence computation, disciplinary actions or facility transfers by federal prison officials. Because Hanton is not a federal inmate challenging the execution of his sentence, he is not entitled to relief under section 2241 as to his denial of access to courts claim relating to the Connecticut Appellate Court's orders dismissing the appeals of four of his civil actions. Accordingly, the petition for writ of habeas corpus is dismissed.

Although Hanton's claim challenging the Connecticut Appellate Court's alleged violation of his constitutional right of access to courts could be construed as a section 1983 claim, the court declines to do so. See Thompson v. Choinski, 525 F.3d 205, 210 (2d Cir. 2008 ) (holding that if a pleading includes facts that entitle the *pro se* party to relief, a district court should "treat[] the claims as properly pleaded, or at least give[n] the [party] leave to file an amended pleading identifying the proper source of law without dismissing the action"). If the court were to construe Hanton's section 2241 petition as a

3

civil rights action brought pursuant to 42 U.S.C. § 1983, it would enable Hanton to circumvent the fee required to file a civil rights complaint under 28 U.S.C. § 1915(g).

Section 1915(g) provides that a prisoner is precluded from proceeding *in forma pauperis* in a civil action[1] or appeal of judgment in a civil action if at least three prior lawsuits or appeals filed by the prisoner while he was incarcerated or detained were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Prior to filing this action, five of Hanton's complaints were dismissed as frivolous. *See Hanton v. Armstrong, et al.*, 3:97cv660(JBA) (dismissed July 17, 1997); *Hanton v. Lewis*, 3:98cv957(JCH) (dismissed October 6, 1998); *Hanton v. Mendes, et al.*, 3:98cv1617(AVC) (dismissed April 9, 1999); *Hanton v. Smith, et al.*, 3:98cv1965(AWT) (dismissed April 9, 1999) and *Hanton v. Wynne, et al.*, 3:97cv216(RNC) (dismissed June 28, 1999). Because at least three of Hanton's civil rights complaints which were filed *in forma pauperis* have been dismissed as frivolous, Hanton may not file the present civil rights action without payment of the filing fee absent allegations of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Hanton's petition includes no allegations that he was in danger of imminent physical injury when he initially filed this action. *See Pettus v. Morgenthau*, 544 F.3d 293, 296 (2d Cir. 2009) ("imminent danger" exception to section 1915(g) applicable only if plaintiff is imminent danger of serious physical injury "when he files his complaint"). Thus, the Court must therefore conclude that section 1915(g) prevents Hanton from proceeding *in forma*

---

[1] The Second Circuit has held that the Prison Litigation Reform Act of 1996, including 28 U.S.C. § 1915(g), does not apply to habeas petitions. *See Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir.1996), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

*pauperis* with regard to the claim in the petition to the extent that it could be construed as having been brought pursuant to 42 U.S.C. § 1983.  Hanton may not avoid the statutory restrictions on three-strikes litigants by characterizing his civil rights claim as claim in a section 2241 petition for writ of habeas corpus.  Accordingly, the court will not construe the petition as having been filed pursuant to 42 U.S.C. § 1983.

## II. Motion for Injunctive Relief [Dkt. No. 17]

Hanton seeks an injunction against Assistant Attorney General Steven Strom, who represents the respondent in this action, because he allegedly instructed a counselor at Bergin Correctional Institution to force him to sign a form requesting that this action be withdrawn.  The counselor allegedly informed Hanton that he would be transferred to a higher level security prison facility if he refused to withdraw this case and others.  In November 2009, prison officials transferred Hanton to Osborn Correctional Institution and confined him to his cell for twenty-two hours a day.  Hanton seeks to be released from restrictive housing and transferred to another prison facility.

The documents most recently filed by Hanton reflect that he had been transferred from Osborn and is now in a work release program in New Haven.  In addition, Assistant Attorney General Steven Strom is not a party to this action.  A court must have jurisdiction over a person before it can validly enter a preliminary injunction against him or her.  See *Weitzman v. Stein*, 897 F.2d 653, 658 (2d Cir. 1990).  Because counsel for the respondent is not a party to this action, the court does not have in personam jurisdiction over him and cannot enjoin his actions.  Accordingly, the motion for injunctive relief is denied.

## III. **CONCLUSION**

For the reasons stated above, the Petition for Writ of Habeas Corpus [**Dkt. No. 1**] is **DISMISSED**. The Motion for Injunction [**Dkt. No. 17**] is **DENIED**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. The Clerk is directed to enter judgment in favor of the respondent and close this case.

**SO ORDERED.**

Dated this 26th day of July, 2010, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge